# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DAVID BOGGS, LLC and MAC MAR, LLC d/b/a MY AFFORDABLE ROOF,**

      **Plaintiffs,**

v.     Case No:  6:18-cv-687-Orl-37GJK

**MATTHEW SOLTIS, individually and MY AFFORDABLE ROOF, LLC,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR PARTIAL FINAL JUDGMENT AGAINST DEFENDANT, MY AFFORDABLE ROOF, LLC (Doc. No. 53)** |
| **FILED:** | July 22, 2019 |
| **THEREON** it is **RECOMMENDED** that the Motion be **GRANTED**. | |

On May 4, 2018, Plaintiffs filed a Complaint against Defendants My Affordable Roof, LLC ("MAR LLC") and Matthew Soltis ("Soltis"). Doc. No. 1. Plaintiffs allege MAR LLC and Soltis have been using Plaintiffs' service mark and seek injunctive relief, lost profits, damages, and attorney's fees for "Defendants' acts of service mark infringement, false descriptions, and unfair competition" pursuant to the Lanham Act and "service mark infringement and dilution, deceptive acts and practices." Doc. No. 1.

Plaintiffs allege that Plaintiff David Boggs LLC ("Boggs") owns the service mark "My Affordable Roof" (the "Service Mark").  Doc. No. 1 at 2.  Boggs operates roofing companies throughout the southeastern United States including Kentucky, Alabama, and Florida.  *Id.*  Plaintiff MAC MAR LLC d/b/a My Affordable Roof ("MAC MAR") is a Florida limited liability company that has a license from Boggs to use the Service Mark.  *Id.*; Doc. No. 1-1 at 2-3.  Plaintiffs allege the Service Mark has been used continually and extensively in commerce since at least May 5, 2011.  Doc. No. 1 at 3-4.  MAC MAR has been doing business as "My Affordable Roof" in Florida since September 18, 2017.  *Id.*  at 4.  Plaintiffs allege that the Service Mark has become famous and distinctive and represents substantial goodwill of Plaintiffs.  *Id.*

On January 29, 2018, Defendant MAR LLC, a Florida limited liability company, was established by Defendant Soltis.  *Id.*  at 6; Doc. No. 1-1.  On March 26, 2018, Plaintiffs notified Soltis of their rights to the Service Mark via a cease and desist letter.  Doc. No. 1 at 5-6.  Despite being advised of Plaintiffs' rights, Defendants continued to use the infringing Service Mark.  *Id.*  Soltis registered the domain name "myaffordablerooffl.com" and has a Facebook page under "My Affordable Roofing Central Florida."  *Id.*; Doc. No. 1-1 at 8, 13.  On April 2, 2018, MAR LLC filed a trademark registration with the State of Florida for the Service Mark.  Doc. No. 1; Doc. No. 1-1 at 14.   MAR LLC has also accepted checks from customers made out to "My Affordable Roof."  Doc. No. 1 at 7; Doc. No. 1-1 at 1-16.

Plaintiffs allege causes of action against Defendants for: 1) service mark infringement in violation of 15 U.S.C. § 1125(a); 2) dilution of a service mark in violation of 15 U.S.C. § 1125(c); 3) unfair competition in violation of section 501.204, Florida Statutes; 4) trademark infringement and dilution in violation of sections 495.131 and 495.141, Florida Statutes; 5) and common law trademark infringement.  Doc. No. 1.

On September 29, 2018, Plaintiffs filed an amended motion for entry of clerk's default against Soltis and MAR LLC.  Doc. No. 29.  On October 1, 2018, this Court granted the motion for default as to MAR LLC, but denied it as to Soltis.  Doc. No. 31.  On October 2, 2018, a clerk's default was entered against MAR LLC.  Doc. No. 32.  On November 11, 2018, Plaintiffs filed a verified motion for partial final judgment against MAR LLC.  Doc. No. 34.  That motion was denied because it did not resolve the common allegations asserted against both Defendants and there was a risk of inconsistent judgments.  Doc. No. 35.  A First Amended Joint Notice of Settlement was filed on July 22, 2019.  Doc. No. 52.  On July 24, 2019, an order of dismissal with prejudice as to Soltis was entered.  Doc. No. 54.  Thus, MAR LLC is the only remaining Defendant.

On July 22, 2019, Plaintiffs filed a motion for partial final judgment against MAR LLC (the "Motion").  Doc. No. 53.  Plaintiffs seek a permanent injunction against MAR LLC related to the infringing mark and specifically ask that MAR LLC be permanently enjoined from directly or indirectly:

> (a) Using Plaintiffs' Service Mark, or any other marks which are similar to or are colorable imitations of Plaintiffs' Service Mark including any known or common acronyms for such Service Mark, used alone or together with any geographic designation, alone or as a part of or together with any other designs, word or words, trademark, service mark, trade name, trade dress or other business or commercial designation or any logo, symbol or design;
>
> (b) Committing any act that, in and of itself, or from the manner or under the circumstances in which it is done amounts to false description or false representation of Defendant's Infringing Services; and
>
> (c) Otherwise unfairly competing with Plaintiffs or committing dilution or infringement of Plaintiffs' rights.

Doc. No. 53 at 10.  Plaintiffs also ask that judgment be entered in their favor, that the Court require MAR LLC to notify their commercial associates, suppliers and customers of the above Orders and relief, and that the Court retain jurisdiction over this matter.  *Id.* at 10-11.

## II. LAW

### A. Default Judgment

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the clerk enters a default.  Fed. R. Civ. P. 55(a).  Second, after obtaining a clerk's default, the plaintiff must move for a default judgment. Fed. R. Civ. P. 55(b).  Before entering a default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). To state a plausible claim for relief, a plaintiff must go beyond merely pleading the "sheer

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

possibility" of unlawful activity by a defendant and offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). If a plaintiff fails to meet this pleading standard, then the plaintiff will not be entitled to default judgment.

### B. Lanham Act Claims

To prevail on a claim for service mark infringement, a plaintiff must show it has a valid mark, defendant used the mark in commerce in connection with selling or advertising goods, and defendant's actions are likely to cause confusion amongst consumers.[2] *N. Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1218 (11th Cir. 2008); 15 U.S.C. § 1125(a); *Ambrit, Inc. v. Kraft, Inc.*, 812 F.2d 1531, 1535 (11th Cir. 1986). Registration of a trademark is not a prerequisite to an action under the Lanham Act. *Gift of Learning Found., Inc. v. TGC, Inc.*, No. 01-8069, 2001 U.S. Dist. LEXIS 25301, at *16 (S.D. Fla. Oct. 29, 2001). Because Section 1125(a) is broader than Section 1114, the same set of facts which allow a plaintiff to prevail on a trademark infringement claim will permit a plaintiff to recover for an unfair competition claim. *Babbit Elecs, Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1181 (11th Cir. 1994); *Tally-Ho, Inc. v. Coast Cmty. College Dist.*, 889 F.2d 1018, 1025-26 n.14 (11th Cir. 1990) ("An unfair competition claim based only upon alleged trademark infringement is practically identical to an infringement claim.").

A federal dilution claim requires a plaintiff to demonstrate: 1) the mark is famous; 2) defendant adopted the mark after the mark became famous; 3) defendant's mark diluted the plaintiff's mark; and 4) defendant's use was commercial and in commerce. *Transamerica Corp.*

---

[2] "A 'service mark' is identical to a trademark in all respects except that it is intended to indicate the origin of services, rather than goods" and the analysis under the Lanham Act is generally the same. *Univ. of Fla. v. KPB, Inc.*, 89 F.3d 773, 775 n.4 (11th Cir. 1996); *see Savannah Coll. of Art & Design, Inc. v. Sportswear, Inc.*, 872 F.3d 1256, 1261 (11th Cir. 2017).

*v. Moniker Online Servs., LLC*, No. 09-60973, 2010 U.S. Dist. LEXIS 48016, at *8 (S.D. Fla. Apr. 7, 2010) (citing 15 U.S.C. § 1125(c)).

      **C.**     **Florida Statutory and Common Law Claims**

Dilution claims under Florida law are subject to the same standards as federal law. *Transamerica Corp.*, 2010 U.S. Dist. LEXIS 48016, at *8. To prevail on an unfair competition claim under Florida common law, a plaintiff must demonstrate "(1) [it] is the prior user of the service mark; (2) the service mark is arbitrary or suggestive or has acquired secondary meaning; (3) [defendant] is using a confusingly similar service mark to indicate or identify similar services rendered by [defendant] in competition with [plaintiff] in the same trade area in which [the mark has been established]; and (4) . . . consumer confusion as to the source . . . of the services is likely." *Id.* at *9-10.

To state a claim under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), a plaintiff must demonstrate it has been aggrieved by defendant engaging in an unfair or deceptive act or practice which offends "established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Sony Corp. v. Disc. Cameras & Computers, Inc.*, No. 6:12-cv-1892, 2013 U.S. Dist. LEXIS 126795, at *5 (M.D. Fla. Sept. 5, 2013) (citing *Nat'l Answers, Inc. v. SmithKline Beecham Corp.*, 529 F.3d 1325, 1333 (11th Cir. 2008); *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 777 (Fla. 2003)). Trademark infringement is an unfair and deceptive act that constitutes a violation FDUTPA. *Sony Corp.*, 2013 U.S. Dist. LEXIS 126795, at *6; *Wells Fargo Bank, N.A. v. United Credit Recovery, LLC*, No. 6:13-cv-1465, 2015 U.S. Dist. LEXIS 183690, at *16 (M.D. Fla. Mar. 4, 2015). Thus, if Plaintiffs sufficiently plead service mark infringement, then they have also sufficiently pled a claim under FDUTPA. *Id.*

**D.     Permanent Injunction**

A district court may grant preliminary injunctive relief if the moving party shows that: 1) it has a substantial likelihood of success on the merits; 2) irreparable injury will be suffered unless the injunction issues; 3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and 4) if issued, the injunction would not be adverse to the public interest.  *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004).  The standard for a permanent injunction is the same as for a preliminary injunction except that the movant must show "actual success on the merits" instead of a "likelihood of success."  *Id.* (citing *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 546 n.12 (1987)).

In trademark infringement actions, injunctive relief is often appropriate because: 1) "there is no adequate remedy at law to redress infringement and [2)] infringement <u>by its nature</u> causes irreparable harm."  *Tally-Ho, Inc.*, 889 F.2d at 1029 (emphasis added) (citing *Processed Plastic Co. v. Warner Commc'ns*, 675 F.2d 852, 858 (7th Cir. 1982)).  Further, courts have generally recognized that in such cases, the public interest is "paramount."  *BellSouth Advertising & Publishing Corp. v. Real Color Pages, Inc.*, 792 F. Supp. 775, 785 (M.D. Fla. 1991).  Trademark infringement encroaches on "the right of the public to be free of confusion" as well as "the synonymous right of the trademark owner to control his products' reputation."  *Id.* (citing *James Burrough Ltd. v. Sign of Beefeater, Inc.*, 540 F.2d 266, 274 (7th Cir. 1976)).

**II.     APPLICATION**

After careful review of the Complaint and Motion filed in this action, as well as the evidence submitted with the pleadings, the undersigned finds that sufficient evidence supports Plaintiffs' claims of service mark infringement, unfair competition, dilution, and unfair and deceptive trade practices.  Plaintiffs have been using the Service Mark since 2011 in the

southeastern United States, including Florida, and it has become famous and distinctive, having acquired strong secondary meaning during Plaintiffs' continuous use. Doc. No. 1. The marks are nearly identical, MAR LLC has been advertising and conducting similar business with the same mark, and MAR LLC continued to use the Service Mark after Plaintiffs advised it of Plaintiffs' prior use and ownership. Doc. No. 1. MAR LLC's previous use of the Service Mark and continued use of the Service Mark has caused, and will continue to cause, confusion amongst the consuming public. The entry of default judgment and a permanent injunction is warranted. Accordingly, it is recommended that default judgment be entered against MAR LLC.

Plaintiffs seek a permanent injunction against MAR LLC. MAR LLC's default establishes Plaintiffs' success on the merits and that Plaintiffs' injuries outweigh whatever damage the injunction may cause MAR LLC. As previously stated, trademark infringement causes irreparable injury not only to Plaintiffs, but also to the public. As the public has a strong interest in being free from the confusion and deception caused by trademark infringement, Plaintiffs' proposed injunction is not adverse to the public interest. Additionally, Plaintiffs' proposed requirement that MAR LLC be required to notify its commercial associates, vendors, and customers is also necessary to address both the infringement and dilution that has already occurred and may continue to occur.

It is **RECOMMENDED** that the Motion (Doc. No. 53) be **GRANTED** as follows:

1. Enter a default final judgment against MAR LLC;
2. Enter a permanent injunction against MAR LLC, in a form approved by the Court;
3. Require MAR LLC to notify its commercial associates, vendors, customers, and clients of this Judgment, Order, and Permanent Injunction;
4. Retain jurisdiction of this action to enforce the judgment and permanent injunction;

and

5. Direct the Clerk to close this case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on August 26, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties