UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID BOGGS, LLC; and
MAC MAR, LLC,

    Plaintiffs,

v.                                        Case No. 6:18-cv-687-Orl-37GJK

MY AFFORDABLE ROOF, LLC,

    Defendant.
_____

## ORDER

Plaintiffs sued Defendants My Affordable Roof, LLC ("**MAR LLC**") and Matthew Soltis alleging they have been using Plaintiffs' service mark, "My Affordable Roof," in violation of the Lanham Act, Florida trademark statutes, and common law.[1] (Doc. 1.) Plaintiffs seek relief for misleading representations, dilution, unfair competition and trademark infringement. (*Id.*)

Plaintiffs successfully obtained an entry of default against MAR LLC after it failed to properly appear. (Docs. 29, 31.) Now, Plaintiffs request default judgment against MAR LLC and a permanent injunction. (Doc. 53 ("**Motion**").) On referral, U.S. Magistrate Judge Gregory J. Kelly recommends the Court: (1) grant the Motion; (2) enter a default judgment and appropriate permanent injunction against MAR LLC; (3) require MAR LLC to notify its commercial associates, vendors, customers, and clients of this judgment and

---

[1] MAR LLC is the only Defendant remaining because Plaintiffs and Mr. Soltis settled. (Docs. 52, 54.)

-1-

permanent injunction; (4) retain jurisdiction over this action to enforce the judgment and permanent injunction; and (5) direct the Clerk to close the case. (Doc. 55 ("**R&R**").)

The parties did not object to the R&R, and the time for doing so has now passed. As such, the Court has examined the R&R only for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan 28, 2016); *see also Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding no such error, the Court finds that the R&R is due to be adopted in its entirety.

All that is left for the Court to decide is the appropriate scope of the permanent injunction recommended by Magistrate Judge Kelly. Under Federal Rule of Civil Procedure 65(d), an injunction must "state its terms specifically" and "describe in reasonable detail . . . the act or acts restrained or required." So an injunction "should clearly let defendant know what he is ordered to do or not to do" and "should be phrased in terms of objective actions, not legal conclusions." *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1203 (11th Cir. 2001) (quoting *John H. Harland Co. v. Clarke Checks, Inc.*, 711 F.2d 966, 984–85 (11th Cir. 1983)). Relevant here, "[a]n injunction which *merely* forbids a defendant from performing acts of unfair competition or from infringing on plaintiff's trademarks and trade secrets adds nothing to what the law already requires." *Id.* (internal quotations omitted).

Plaintiffs request this permanent injunction against MAR LLC:

Defendant and its agents, officers, directors, servants, employees, attorneys, its successors and assigns, and all others in active concert or participation with it, be permanently enjoined from directly or indirectly:

(a) Using Plaintiffs' Service Mark, or any other marks which are similar to or are colorable imitations of Plaintiffs' Service Mark including any known or common acronyms for such Service Mark, used alone or together with any geographic designation, alone or as a part of or together with any other designs, word or words, trademark, service mark, trade name, trade dress or other business or commercial designation or any logo, symbol or design;

(b) Committing any act that, in and of itself, or from the manner or under the circumstances in which it is done amounts to false description or false representation of Defendant's Infringing Services; and

(c) Otherwise unfairly competing with Plaintiffs or committing dilution or infringement of Plaintiffs' rights.

(Doc. 53, p. 10.) On review, Plaintiffs' proposed language is overbroad and not specific enough to put MAR LLC on notice of prohibited conduct. *See* Fed. R. Civ. P. 65(d). Further, to the extent the proposed injunction prohibits MAR LLC from unfair competition and trademark infringement or dilution, this language adds nothing to what the law already requires and is inappropriate as injunctive relief. *See Planetary Motion, Inc.*, 261 F.3d at 1203 (quoting *John H. Harland Co.*, 711 F.2d at 984–85). Therefore, the Court will order more narrowly tailored injunctive relief.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. U.S. Magistrate Judge Gregory J. Kelly's Report and Recommendation (Doc. 55) is **ADOPTED, CONFIRMED**, and made a part of this Order.

2. Plaintiff's Motion for Partial Final Judgment Against Defendant, My Affordable Roof, LLC (Doc. 53) is **GRANTED IN PART AND DENIED IN PART:**

    a. The Motion is **DENIED** to the extent the Court declines to enter the proposed permanent injunction. Instead, the Court will enter a

modified permanent injunction.

b. In all other respects, the Motion is **GRANTED**.

3. Defendant, My Affordable Roof, LLC, as well as its principals, employees, agents, and assigns, and all others acting through it, are PERMANENTLY ENJOINED from directly or indirectly using Plaintiffs' service mark, "MY AFFORDABLE ROOF," or any colorable imitation, confusingly similar variation, or variation likely to cause dilution of Plaintiffs David Boggs, LLC's and MAC MAR, LLC's service mark.

4. Defendant My Affordable Roof, LLC is **DIRECTED** to notify its commercial associates, vendors, customers, and clients of this Judgment, Order, and Permanent Injunction.

5. The Court retains jurisdiction over this action to enforce this Judgment, Order and Permanent Injunction.

6. The Clerk is **DIRECTED** to:

    a. Enter default judgment in favor of Plaintiffs David Boggs, LLC and MAC MAR, LLC and against Defendant My Affordable Roof, LLC; and

    b. Close the case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 17, 2019.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record